IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS D. MCQUEEN, #177 303, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-386-ECM |
| ) | [WO] |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This matter is pending before the court on a 42 U.S.C. § 1983 complaint for damages filed by Plaintiff Marcus McQueen, an inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama. Plaintiff submits the captioned action on a non-prisoner complaint form alleging a violation of his constitutional rights associated with disciplinary proceedings initiated against him at Fountain in May of 2020. Upon review, the court finds this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404(a).[1]

### II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

---

[1] Upon initiation of this civil action, Plaintiff filed an application for leave to proceed *in forma pauperis*. Doc. 2. However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southern District of Alabama.

located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The Fountain Correctional Facility is within the jurisdiction of the United States District Court for the Southern District of Alabama. The actions about which Plaintiff complains occurred at a correctional institution located in the Southern District of Alabama, and it appears most material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Southern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that, in the interest of justice, this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to under 28 U.S.C. § 1404(a). Further, it is

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

ORDERED that **on or before July 2, 2020**, Plaintiff may file an objection to the Recommendation.  Plaintiff is advised he must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.  Plaintiff is advised this Recommendation is not a final order and is, therefore, not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of June, 2020.

                                              /s/ Wallace Capel, Jr.
                                              WALLACE CAPEL, JR.
                                              CHIEF UNITED STATES MAGISTRATE JUDGE